FRED PELL v. MATTHEW C. BURKE.[1]

June 7, 1897.

Nos. 10,461—(100).

**Appeal—Weight of Evidence.**

Evidence considered, and *held,* that the findings of the referee herein are sustained by the evidence.

Appeal by defendant from an order of the district court for St. Louis county, Morris, J., denying a new trial. Affirmed.

*Draper, Davis & Hollister* and *H. J. Grannis,* for appellant.
*N. A. & H. G. Gearhart,* for respondent.

START, C. J. This is an action to recover the contract price of certain railway ties cut and delivered by plaintiff to defendant. The contract was under seal, and provided that the ties should be furnished on board of the cars at Floodwood station, and be paid for at the rate of 16 1-4 cents per tie, 30 per cent. thereof in supplies as the' ties were piled on the river bank, and the balance 30 days after they were inspected and loaded on the cars. The cause was tried by a referee, who found that the plaintiff had 14,929 ties meeting the requirements of the contract, and had them ready in the summer of 1894 to deliver on board of the cars at the point designated by the contract;

"that at said time defendant was not ready to receive said ties on board cars, not having made a sale of said ties, and thereupon defendant directed plaintiff to take said ties out of the river, and place them on the bank of said river, at a place designated by defendant, in lieu of placing same on cars, and promised plaintiff, in consideration of his so placing said ties, to settle for same on their being so placed; that plaintiff placed and delivered said 14,929 ties on said bank, as directed by defendant, in July, 1894, assenting on his part to said change in the terms of the contract."

Judgment was ordered for the plaintiff for the unpaid balance of the purchase price of the ties so delivered, and the defendant appealed from an order denying his motion for a new trial. The defendant's assignments of error are to the effect that the findings of

[1] Reported in 71 N. W. 615.

the referee are not supported by the evidence, in that there is no evidence in the case that the plaintiff delivered or had ready for delivery a greater number of ties than 13,171, which he admits by his answer were delivered, or that any greater number were inspected, and that there is no evidence that the contract was modified as found by the referee. The evidence as to the number of ties inspected and placed at the disposal of the defendant by the plaintiff in accordance with the contract as modified is unsatisfactory and conflicting, but the finding of the referee upon the question is not so manifestly unsupported by the evidence as to justify us in disturbing the finding. The plaintiff's testimony as to the number of ties inspected is on its face apparently inconsistent. He testified in effect, on his direct examination, that he had a quantity of ties piled on the river bank 18 miles above Floodwood, which were inspected by the defendant's agent, who rejected 1,200 of them as culls, leaving a balance of 15,084. His cross-examination on this point was as follows:

"Q. So, in the spring, when you put the ties in the river, you say there were 15,084? A. Yes. Q. All the ties that you put in the river? A. Yes, and 1,200 culls after that. Q. You found 15,084 ties on the bank before you put them in the river? A. Yes. Q. And then out of that you say Patterson threw out 1,200 culls, out of the 15,084? A. Yes. Q. Which left 13,884 which went into the river? A. No. Q. There was 15,000 on the bank that you had counted? A. Yes. Q. Then Patterson threw out 1,200? A. He threw out 1,200 before he inspected them. He inspected about 14,000. Q. It was 15,084 while on the bank; then he threw out 1,200 out of that number? A. No."

He further testified on his redirect examination as follows:

"Q. Now, these ties that you have mentioned included those that were thrown out as culls by Mr. Patterson,—1,200? A. About 1,200; something like that, 'way up the river. But I didn't figure up for the culls at all. What we inspected, I figured up them."

Evidence was also given on his behalf tending to show that he had another quantity of ties piled four miles above Floodwood, from which 2,333 ties were inspected by defendant's agent, making with the 15,084, a total of 17,417 from which there were delivered to parties other than the defendant 2,488, leaving a balance of 14,929 for the defendant, the number found by the referee. It is apparent that if it

conclusively appears, as claimed by defendant, that the 1,200 culls were included in the 15,084, the finding of the referee as to the number of ties delivered is not supported by the plaintiff's own testimony, taking, as we have, the most favorable view of it for him. But it is apparent from the record that the plaintiff did not in all cases understand the questions which he attempted to answer, and it was a matter for the referee to judge whether he honestly intended to be understood that the 15,084 ties were exclusive of the 1,200 culls, or that the latter were included in the former, and were rejected therefrom on the inspection. We cannot hold that it conclusively appears from the plaintiff's testimony that the 1,200 culls were so included. Upon the question of the modification of the contract as found by the referee, the evidence is clearly sufficient to support the finding.

Order affirmed.